# IN THE COURT OF APPEALS OF IOWA

No. 12-1950/13-0256
Filed November 13, 2014

**SHAWN JAMES,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel
(12-1950) and Douglas F. Staskal (13-0256), Judges.

Shawn James appeals the district court's denial of his second and third
postconviction-relief applications. **AFFIRMED ON BOTH APPEALS.**

Patricia M. Hulting, Des Moines, for appellant in 12-1950.

Matthew C. Moore of The Law Offices of Matthew C. Moore, Chariton, for
appellant in 13-0256.

Thomas J. Miller, Attorney General, Bridget A. Chambers and William A.
Hill, Assistant Attorneys General, John Sarcone, County Attorney, and Daniel
Voogt, Assistant County Attorney, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

A jury found Shawn James guilty of attempt to commit murder and terrorism with intent. The court of appeals affirmed his judgment and sentence in 2001. *State v. James*, No. 00-1353, 2001 WL 710163, at *2 (Iowa Ct. App. June 13, 2001). James filed his first postconviction-relief application shortly thereafter and the court of appeals affirmed the district court's denial of the application. *James v. State*, No. 05-1113, 2006 WL 3018468, at *1 (Iowa Ct. App. Oct. 25, 2006). This is a consolidated appeal from the denial of James's second and third applications for postconviction relief.

## I. Second Postconviction-Relief Application

James filed his second postconviction-relief application in 2009. Counsel amended the application to raise challenges to several jury instructions. The State moved for summary judgment based on a three-year statute of limitations. The district court granted the motion and denied James's second postconviction-relief application.

James concedes his second application was filed well beyond the applicable three-year statute of limitations. *See* Iowa Code § 822.3 (2009) (stating generally, applications for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). He argues his claims "survived the statute of limitations" because they implicated the legality of his sentence, an issue that may be raised at any time. *See State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009) (stating where "the claim is that the sentence itself is inherently illegal, whether based on constitution or statute, we believe the

claim may be brought at any time"). James ignores a significant caveat: the rule cannot be used as a vehicle "'to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence.'" *Id.* at 871-72 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)). This is precisely what James seeks to do. All his claims are predicated on the jury instructions. Challenges to jury instructions do not implicate the legality of a sentence. *See State v. Lang*, No. 10-1797, 2011 WL 5867932, at *1-2 (Iowa Ct. App. Nov. 23, 2011); *Henderson v. State*, No. 05-0541, 2007 WL 108474, at *1 (Iowa Ct. App. Jan. 18, 2007).

James also seeks to circumvent the time bar by arguing his prior attorneys were ineffective. Our courts have rejected attempts to repackage assertions as ineffective-assistance-of-counsel claims simply to evade the statute of limitations. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994); *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995).

Finally, James invokes the equitable tolling doctrine to avoid the time-bar. We have not applied this doctrine to section 822.3. *See Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013).

We conclude the district court did not err in denying James's second postconviction-relief application. We affirm the district court's grant of the State's motion for summary judgment and the denial and dismissal of the application.

## II.    Third Postconviction-Relief Application

James filed a third postconviction-relief application in 2012. The application raised a challenge to the calculation of his sentence. This type of challenge may be raised at any time. Iowa R. Crim. P. 2.24(5)(a).

At the postconviction-relief hearing, James expressed a concern with the Iowa Department of Corrections' calculation of his minimum parole date, testifying the date "was extended further and further." He asserted the minimum parole date should be seventy percent of his sentence less any credit for time served in a county jail. The department agreed with James and the minimum parole date was recalculated. Accordingly, this aspect of James's challenge became a non-issue.

Remaining was a challenge to his temporary discharge date. James was sentenced to prison terms not exceeding twenty-five years and ten years, to be served concurrently. James asserted his temporary discharge date should never exceed eighty-five percent of his twenty-five year sentence. The district court examined two pertinent statutory provisions, Iowa Code sections 902.12 and 902A.3, as well as the Iowa Supreme Court's interpretation of these provisions in *State v. Iowa Dist. Court*, 616 N.W.2d 575, 579 (Iowa 2000). After discussing their interplay, the court concluded the department did not impose an illegal sentence. The court dismissed the application.

On appeal, James contends his sentence "violates the Eighth Amendment of the United States Constitution and article one, section 17 of the Iowa Constitution." In his view, his sentence "was cruel and unusual 'as applied'" because he "missed the opportunities to advance through the various levels of ranking for inmates within the prison system" and "to be placed in treatment while in custody."

The issue James now raises was not decided by the district court. The question, then, is whether the issue is properly before us. In *Bruegger*, the court

stated, where "the claim is that the sentence itself is inherently illegal, whether based on constitution or statute, . . . the claim may be brought at any time." *Bruegger*, 773 N.W.2d at 872. James does not argue his sentence was inherently illegal. He argues the manner in which his minimum parole and temporary discharge dates were calculated deprived him of prison services he might otherwise have obtained. This is essentially a challenge to his conditions of confinement. *See Davis v. Hall*, 375 F.3d 703, 712-18 (8th Cir. 2004) (reviewing disposition of inmate's claims under 42 U.S.C. § 1983 alleging due process violations in connection with his prolonged incarceration following an order of release). It is not the type of "as applied" cruel and unusual punishment challenge to a sentence approved in *Bruegger*.[1] *See Bruegger*, 773 N.W.2d at 884 (concluding "defendants who commit acts of lesser culpability within the scope of broad criminal statutes carrying stiff penalties should be able to launch an as-applied cruel and unusual punishment challenge"). Because the argument James now makes is not a challenge to the legality of his sentence, James cannot avail himself of the rule allowing us to review the legality of sentences at any time. Accordingly, we decline to reach the merits.

James also cites no authority supporting the "deprivation of services" argument. Accordingly, he has waived error on the argument, even if it is properly before us. Iowa R. App. P. 6.903(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). We affirm the district

---

[1] In *State v. Oliver*, 812 N.W.2d 636, 639-40 (Iowa 2012), the court noted "as applied" is no longer part of the Eighth Amendment lexicon.

court's denial of James's third postconviction relief application.

**AFFIRMED ON BOTH APPEALS.**