# IN THE COURT OF APPEALS OF IOWA

No. 15-1237
Filed July 27, 2016

**LAWRENCE PERDUE II,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.

_____

　　　Appeal from the Iowa District Court for Marshall County, James A. McGlynn, Judge.


　　　An applicant appeals the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**


　　　Allan M. Richards of Richards Law Firm, Tama, for appellant.

　　　Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee State.


　　　Considered by Vogel, P.J., Bower, J., and Blane, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, Presiding Judge.**

Lawrence Perdue was convicted of second-degree murder in 2000. His conviction was affirmed on direct appeal by this court. *See State v. Perdue*, No. 00-1152, 2001 WL 1203392, at *1 (Iowa Ct. App. Oct. 12, 2001). Procedendo issued in January 2002 after the supreme court denied Perdue's application for further review. Perdue's first application for postconviction relief (PCR) was denied by the district court, and that denial was affirmed on appeal by this court in July 2009. *See Perdue v. State*, No. 08-1542, 2009 WL 2170234, at *1 (Iowa Ct. App. July 29, 2009). Perdue filed a second PCR application in September 2014, twelve years after procedendo issued following his direct appeal. The State filed a motion to dismiss the PCR application as untimely as provided in Iowa Code section 822.3 (2013) (stating all PCR actions must be filed within three years after the writ of procedendo on direct appeal is issued).

At the hearing on the motion to dismiss, Perdue asserted he should be excused from the three-year statute of limitations because he was removed from the state into federal custody in Kentucky and was unaware of recent developments in Iowa law that he believed called his conviction into question.[1]

---

[1] Perdue asserts his conviction should be overturned based on the supreme court's decision in *State v. Schuler*, 774 N.W.2d 294 (Iowa 2009). In *Schuler*, the supreme court reversed a conviction for willful injury causing serious injury because the jury instruction failed to require the jury to find the defendant "caused" the victim's serious injuries. 774 N.W.2d at 299. We note Perdue was not convicted of willful injury causing serious injury; he was convicted of second-degree murder. In addition, our court has previously determined that *Schuler* clarified, rather than changed, the law, and thus, *Schuler* is not a ground of law that could not have been raised within the applicable time period for the purposes of the exception to the three-year statute of limitations for PCR actions. *Jones v. State*, No. 12-0706, 2013 WL 4506167, at *3 (Iowa Ct. App. Aug. 21, 2013) (There is no question that *Schuler* clarified rather than changed the law. . . . Accordingly, under *Nguyen* and *Perez*, *Schuler* was a ground of law that could have been raised within the applicable time period."); *see Dixon v. State*, No. 12-0499, 2013

He claimed that as soon as he was transferred back to Iowa and became aware of the case law, he filed his PCR application.

The district court rejected Perdue's claims noting that even if the case law he was relying on did in fact amount to a change in the law, so as to excuse his late-filed application, he did not file the application within three years of the cases that he contends changed the law. *See Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013) (noting the PCR applicant was not barred by the three-year statute of limitations because it was filed within three years of *Heemstra* and challenged whether *Heemstra* should be retroactively applied). The district court also determined Perdue's claim that his time spent out of the state in federal custody does not excuse the late-filed application because this state does not recognize the equitable tolling doctrine.[2]

On appeal, Perdue again claims that his conviction should be overturned based on the supreme court's ruling in *Schuler* and the three-year statute of limitations should not apply to him because his absence from the state while in

---

WL 3291837, at *2 (Iowa Ct. App. June 26, 2013) ("The district court reasoned that, because the actual statutory definition of willful injury never changed, *Schuler* was a clarification of the law rather than a substantive alteration, which rendered the exception to section 822.3 inapplicable. We agree with this reasoning."); *see also* Iowa Code § 822.3 (noting the three-year statute of limitations "does not apply to a ground of fact or law that could not have been raised within the applicable time period").

[2] Our court has repeatedly noted the doctrine of equitable tolling has not been recognized in our state. *See James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) (noting we have not applied the equitable tolling doctrine to avoid the three-year time-bar found in Iowa Code section 822.3); *see also Weatherly v. State*, No. 15-0681, 2016 WL 1366827, at *1 (Iowa Ct. App. Apr. 6, 2016) (same); *Everett v. State*, No. 12-1032, 2014 WL 3749338, at *2 (Iowa Ct. App. July 30, 2014) (same); *Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013) (same); *Fagan v. State*, No. 10-0739, 2012 WL 3854635, at *1 (Iowa Ct. App. Sept. 6, 2012) (same); *Rieflin v. State*, No. 11-1044, 2012 WL 3590453, at *2 (Iowa Ct. App. Aug. 22, 2012) (same); *Lawrence v. State*, No. 10-1238, 2011 WL 768785, at *2 (Iowa Ct. App. Mar. 7, 2011) (same); *Stringer v. State*, No. 08-0188, 2008 WL 5235491, at *2 (Iowa Ct. App. Dec. 17, 2008) (same).

federal custody justifies the application of the equitable tolling doctrine.[3]  Our review is for the correction of errors at law.  *Lopez-Penaloza v. State*, 804 N.W.2d 537, 540 (Iowa Ct. App. 2011).  Because we agree with the district court's reasoning in rejecting Perdue's claims, we affirm the district court's summary dismissal of his PCR application without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**

---

[3] Perdue also claims, for the first time, that if his PCR action is not permitted to move forward, it would result in an Eighth Amendment violation because he would then be subject to cruel and unusual punishment.  Such claim was not raised before the district court and cannot be raised for the first time on appeal.  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").