# IN THE COURT OF APPEALS OF IOWA

No. 16-0953
Filed June 21, 2017

**RONNIE EARL HARRINGTON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

The applicant appeals from the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Angela L. Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Ronnie Harrington appeals from the district court's dismissal of his application for postconviction relief (PCR). As Harrington's argument makes clear, his application is untimely unless this court adopts equitable tolling—a concept recognized and available in federal postconviction-relief proceedings in some instances. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (holding a state prisoner is entitled to equitable tolling of the one-year statute of limitations on petitions for federal habeas if the prisoner shows he or she has been diligently pursuing their rights and that some extraordinary circumstance stood in his way preventing timely filing). As we have done many times before, we decline to apply this doctrine to applications for PCR. *See, e.g.*, *James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) (affirming the district court's dismissal of an application for PCR where the applicant "invoke[d] the equitable tolling doctrine to avoid the time-bar"). We affirm the ruling of the district court without further opinion. Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**