# IN THE COURT OF APPEALS OF IOWA

No. 17-0276
Filed February 7, 2018

**ERIC BURDETT LARIMER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        An applicant appeals the district court's summary dismissal of his application for postconviction relief.  **AFFIRMED.**


        R. Ben Stone of Parrish, Kruidenier, Dunn, Boles, Gribble, Gentry, Brown & Bergmann, L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

In 1990, Eric Burdett Larimer pled guilty to possession of a controlled substance with the intent to deliver, in violation of Iowa Code section 204.401(1)(c)(2)(b) (1989). On May 7, 1990, the district court imposed a sentence of incarceration not to exceed ten years. On August 3, upon reconsideration, the court suspended the initial sentence and placed Larimer on probation for two years. Larimer did not appeal his conviction or sentence. On July 13, 2016, Larimer filed an application for postconviction relief (PCR). The State filed a motion to dismiss the PCR application as untimely as provided in Iowa Code section 822.3 (2016).

At the hearing on the motion to dismiss, Larimer asserted he should be excused from the three-year statute of limitations pursuant to the doctrine of equitable tolling because he did not "know anything really about the law," his daughter was born shortly after the conviction and suffered from a severe heart condition, which consumed his time, his house burned down in 1992, and he was removed from the state into federal custody in Indiana and could not access Iowa state court files. He claimed that once he studied the law he determined the initial charge should have been possession, not possession with intent.

The district court rejected Larimer's claim noting:

The court does not have the authority—equitable or otherwise—to override the clear directive provided in section 822.3 for filing applications for postconviction relief, absent proof by the applicant that the "ground of fact or law" exception applies. Mr. Larimer's deadline under section 822.3 for filing his application for postconviction relief was, at the latest, May 7, 1993. Mr. Larimer provided no justification recognized by section 822.3 for the long delay in filing his application.

On appeal, Larimer asserts our Iowa appellate courts should recognize the concept of equitable tolling to override the time limitations found in Iowa Code section 822.3. He then asserts he should be given another hearing "to establish a more thorough factual record" in explaining his delay in bringing his PCR application. Our review is for the correction of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). We again decline to override the statutory limitations set forth in Iowa Code section 822.3.[1] Because we agree with the district court's reasoning in rejecting Larimer's claim, we affirm the district court's summary dismissal of his PCR application without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**

---

[1] Our court has repeatedly noted the doctrine of equitable tolling does not apply to section 822.3. *See James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) (noting we have not applied the equitable tolling doctrine to avoid the three-year time bar found in Iowa Code section 822.3); *see also McCullough v. State*, No. 17-0434, 2018 WL 346463, at *1 (Iowa Ct. App. Jan. 10, 2018) (same); *Long v. State*, No. 16-1220, 2017 WL 2684345, at *2 (Iowa Ct. App. June 21, 2017) (same); *Harrington v. State*, No. 16-0953, 2017 WL 2684340, at *1 (Iowa Ct. App. June 21, 2017) (same); *Perdue v. State*, No. 15-1237, 2016 WL 4036173, at *1 (Iowa Ct. App. July 27, 2016) (same); *Weatherly v. State*, No. 15-0681, 2016 WL 1366827, at *1 (Iowa Ct. App. Apr. 6, 2016) (same); *Everett v. State*, No. 12-1032, 2014 WL 3749338, at *2 (Iowa Ct. App. July 30, 2014) (same); *Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013) (same); *Fagan v. State*, No. 10-0739, 2012 WL 3854635, at *1 (Iowa Ct. App. Sept. 6, 2012) (same); *Lawrence v. State*, No. 10-1238, 2011 WL 768785, at *2 (Iowa Ct. App. Mar. 7, 2011) (same); *Stringer v. State*, No. 08-0188, 2008 WL 5235491, at *2 (Iowa Ct. App. Dec. 17, 2008) (same).