# IN THE COURT OF APPEALS OF IOWA

No. 17-0869
Filed June 20, 2018

**TRACY LYNN HARDIN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Warren County, Richard B. Clogg,

Judge.

Tracy Hardin appeals the dismissal of her second application for

postconviction relief. **AFFIRMED.**

Angela L. Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

On July 16, 1995, Tracy Lynn Hardin broke into her husband's house through a window, shot and wounded her husband, ran upstairs, and fired four more shots, three of which struck her husband's girlfriend, killing her. Alfredo Parrish represented Hardin during her trial on charges of first-degree murder and attempted murder. *See State v. Hardin*, 569 N.W.2d 517, 519 (Iowa Ct. App. 1997). Hardin asserted the defenses of insanity and diminished responsibility. *Id.* She was convicted of first-degree murder and willful injury. *Id.* at 522. On direct appeal, Hardin raised issues concerning the physician-patient privilege, error in granting a trial continuance to the State, jury admonition and instruction concerns, and misconduct of counsel during closing arguments. *Id.* at 519-22. This court affirmed her convictions, *see id.* at 522, and procedendo issued on October 10, 1997.

Hardin filed her first application of postconviction relief (PCR) in 1998, and Unes J. Booth was appointed to represent her. Of the several issues initially raised, PCR counsel pursued and presented evidence on three claims of ineffective assistance of prior counsel:

> (1) failure to object to misconduct by the prosecutor in presenting false expert testimony regarding the sequence of the four shots fired upstairs; (2) failure to investigate and present forensic evidence regarding the order in which the shots were fired, and (3) failure to request the court stop the trial and order a hearing to determine Hardin's competency to continue with the trial.

*Hardin v. State*, No. 03-1089, 2004 WL 2947440, at *1 (Iowa Ct. App. Dec. 22, 2004). After trial on the merits, the PCR court denied the application. *Id.*

Hardin appealed, and Theresa Wilson from the appellate defender's office was appointed to represent her. *See id.* On appeal, appellate counsel asserted all new ineffectiveness issues:[1]

> (1) failure of PCR trial counsel to have Hardin testify at the PCR trial, (2) failure of trial and appellate counsel to object to [an expert witness's] testimony on the ultimate issues of insanity and diminished responsibility, and (3) failure of trial and appellate counsel to object to the jury instruction on insanity.

*Id.* The PCR ruling was affirmed on appeal, and procedendo issued on March 24, 2005.

In 2014, Hardin filed this PCR application, which raised a number of ineffective-assistance claims aimed at her trial counsel, appellate counsel, first PCR counsel, and first PCR appellate counsel. The PCR court found Hardin's claims were time-barred by Iowa Code section 822.3 (2014), and no exceptions

---

[1] In this second PCR action, Wilson explained:

> I don't have a specific recollection of this particular case, but I can tell you I would have looked at what was raised at the trial level, and as I recall, Al Parrish did the trial and he's a very thorough attorney. So I would have looked at what issues had already been fairly well-litigated, whether or not there was any avenue I thought that I could relitigate those issues. This case, as I recall, was primarily a mental defense case, not a sufficiency case, so the focus was on mental defenses.
>
> . . . .
>
> Q. Would you agree with me that you didn't raise any of the issues that had been raised at the trial level post-conviction? A. I agree.
>
> Q. Can you tell me why you handled the appeal in that way? A. I'd have to recreate my mindset back then, but what I assume it was that the issues addressed at trial—at the appeal had been fully litigated or required additional record, is usually why I wouldn't raise it, and was consistent with the law at the time. The post-conviction, the only part that troubled me was the fact that she wasn't allowed to testify, and I tried to address that, and unfortunately this was pre the case law that the applicant has a right to present evidence at the post-conviction pro se.
>
> So my guess is that on my review of the trial record and appellate record, the initial appellate record, there was just no reasonable argument to be made.

were applicable.  Hardin appeals, contending the district court erred in finding her claims time-barred.

We review a PCR dismissal applying summary judgment standards. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018).  Thus, summary judgement is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Iowa R. Civ. P. 1.981(3).  The moving party bears the burden of showing that no material fact exists.  *C & J Vantage Leasing Co. v. Wolfe*, 795 N.W.2d 65, 73 (Iowa 2011).  We view the record in the light most favorable to the nonmoving party, including all legitimate inferences.  *Schmidt*, 909 N.W.2d at 784.

The PCR statute provides that applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."  Iowa Code § 822.3.  There is no genuine issue of material fact that Hardin's second PCR application was filed more than three years after "the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."  *Id.* § 822.3; *see also* Iowa R. Civ. P. 1.981(3).  She acknowledges "the filing of this current application does fall outside the three-year statute of limitations" and that all of the issues raised in it had previously been timely filed or could have been timely filed.  *See* Iowa Code § 822.3 (providing an exception for claims of "a ground of fact or law that could not have been raised within the applicable time period").  Thus, her claim is time-barred.

However, Hardin argues,

> The [Iowa] State Public Defender system has invaded Hardin's right to effective counsel, her rights to equal protection, and her rights to due process in violation of the Sixth and Fourteenth Amendments of the United States Constitution, and article I, sections 6, 9, and 10 of the Iowa Constitution, as such she has been unable to challenge her murder conviction on postconviction relief.

In support of Hardin's claim, she presented the affidavit and testimony of Gordon Allen, who noted PCR applicants do not have the absolute right to substitute counsel of their choosing and that resources for inmates to conduct their own legal research are "extremely limited."

In essence, Hardin contends the concept of equitable tolling should save her petition. "Our court has repeatedly noted the doctrine of equitable tolling does not apply to section 822.3."[2] *Larimer v. State*, No. 17-0276, 2018 WL 739301, at *1 n.1 (Iowa Ct. App. Feb. 7, 2018) (application for further review seeking recognition of equitable tolling denied Apr. 4, 2018). Although Hardin's arguments for adopting the doctrine have some appeal, because the supreme court has not adopted the doctrine, we do not apply it now.

**AFFIRMED.**

---

[2] *See James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) (noting we have not applied the equitable tolling doctrine to avoid the three-year time bar found in Iowa Code section 822.3); *see also McCullough v. State*, No. 17-0434, 2018 WL 346463, at *1 (Iowa Ct. App. Jan. 10, 2018) (same); *Long v. State*, No. 16-1220, 2017 WL 2684345, at *2 (Iowa Ct. App. June 21, 2017) (same); *Harrington v. State*, No. 16-0953, 2017 WL 2684340, at *1 (Iowa Ct. App. June 21, 2017) (same); *Perdue v. State*, No. 15-1237, 2016 WL 4036173, at *1 (Iowa Ct. App. July 27, 2016) (same); *Weatherly v. State*, No. 15-0681, 2016 WL 1366827, at *1 (Iowa Ct. App. Apr. 6, 2016) (same); *Everett v. State*, No. 12-1032, 2014 WL 3749338, at *2 (Iowa Ct. App. July 30, 2014) (same); *Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013) (same); *Fagan v. State*, No. 10-0739, 2012 WL 3854635, at *1 (Iowa Ct. App. Sept. 6, 2012) (same); *Lawrence v. State*, No. 10-1238, 2011 WL 768785, at *2 (Iowa Ct. App. Mar. 7, 2011) (same); *Stringer v. State*, No. 08-0188, 2008 WL 5235491, at *2 (Iowa Ct. App. Dec. 17, 2008) (same).