# IN THE COURT OF APPEALS OF IOWA

No. 17-1016
Filed July 5, 2018

**JAMES MARK TAYLOR,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Mark J. Eveloff, Judge.

James Taylor appeals the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

In 2001, James Taylor pled guilty to three counts of second-degree murder and one count of first-degree arson. He was sentenced to 150 years in prison with a mandatory sentence of 42.5 years. He did not file a motion in arrest of judgment, nor did he file an appeal. Nearly fourteen years later, Taylor filed pro se motions deemed by the district court to be an application for postconviction relief (PCR). Taylor's appointed PCR counsel filed amendments to the application. All of his claims were based upon ineffective assistance of counsel. The State resisted, asserting the application was time-barred by the three-year statute of limitations provided under Iowa Code section 822.3 (2015).[1] The PCR court concluded Taylor's claims did not fall within an exception to the section 822.3 statute of limitations, nor did they extend the limitations period. The PCR court dismissed Taylor's claims as time-barred. Taylor appeals.

On appeal, Taylor contends his PCR counsel was ineffective in failing to assert the equitable estoppel doctrine as a basis for tolling the three-year section 822.3 statute of limitations. Taylor acknowledges his application is untimely unless this court adopts equitable tolling—a concept recognized and available in federal

---

[1] Iowa Code section 822.3 requires that individuals seeking PCR file their application within three years from issuance of procedendo, unless the application is supported by a new ground of fact or law that could not have been raised within the limitation period. We note, although not applicable to the case at hand, our supreme court recently held
> that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Allison v. State*, ___ N.W.2d ___, ___, 2018 WL 3198793, at *22 (Iowa 2018).

PCR proceedings in some instances. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (holding a state prisoner is entitled to equitable tolling of the one-year statute of limitations on petitions for federal habeas if the prisoner shows he or she has been diligently pursuing their rights and that some extraordinary circumstance stood in his or her way preventing timely filing).[2] Our court has repeatedly noted the doctrine of equitable tolling does not apply to section 822.3.[3] PCR counsel has no duty to raise meritless issues. *See Nguyen v. State,* 878 N.W.2d 744, 754 (Iowa 2016).

Taylor also asserts his PCR counsel was ineffective in failing "to obtain an expert to evaluate him with respect to his mental state between the time of the plea and when he finally filed for postconviction relief." He contends, "Without this

_____

[2] The Sixth Circuit found a petitioner was entitled to an evidentiary hearing to determine whether mental incompetence prevented him from filing a habeas petition, and if so, whether that entitles him to equitable tolling in *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). Taylor invites us to extend the doctrine to his untimely PCR application. Federal law regarding equitable tolling of a habeas corpus claim is not binding upon our review of an untimely filing of a PCR action in state court. *See State v. Sweet*, 879 N.W.2d 811, 832 (Iowa 2016) ([W]e may find federal authority persuasive, but it is certainly not binding."). Moreover, in *Ata* the court noted that a blanket assertion of mental incompetence is insufficient and observed that application of equitable tolling would require a showing of incompetence that caused failure to comply with the statute. 662 F.3d at 742.

[3] *See James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) (noting we have not applied the equitable tolling doctrine to avoid the three-year time bar found in Iowa Code section 822.3); *see also Larimer v. State*, No. 17-0276, 2018 WL 739301, at *1 (Iowa Ct. App. Feb. 7, 2018); *McCullough v. State*, No. 17-0434, 2018 WL 346463, at *1 (Iowa Ct. App. Jan. 10, 2018) (same); *Long v. State*, No. 16-1220, 2017 WL 2684345, at *2 (Iowa Ct. App. June 21, 2017) (same); *Harrington v. State*, No. 16-0953, 2017 WL 2684340, at *1 (Iowa Ct. App. June 21, 2017) (same); *Perdue v. State*, No. 15-1237, 2016 WL 4036173, at *1 (Iowa Ct. App. July 27, 2016) (same); *Weatherly v. State*, No. 15-0681, 2016 WL 1366827, at *1 (Iowa Ct. App. Apr. 6, 2016) (same); *Everett v. State*, No. 12-1032, 2014 WL 3749338, at *2 (Iowa Ct. App. July 30, 2014) (same); *Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013) (same); *Fagan v. State*, No. 10-0739, 2012 WL 3854635, at *1 (Iowa Ct. App. Sept. 6, 2012) (same); *Lawrence v. State*, No. 10-1238, 2011 WL 768785, at *2 (Iowa Ct. App. Mar. 7, 2011) (same); *Stringer v. State*, No. 08-0188, 2008 WL 5235491, at *2 (Iowa Ct. App. Dec. 17, 2008) (same).

evidence, [he] would have had no opportunity to establish a ground for equitable estoppel." Taylor requests a "do-over" with new PCR counsel so a record can be developed. Even if his PCR counsel had obtained such evidence, Taylor cannot establish that the district court would have adopted an equitable-tolling exception to the statute of limitations provision found in Iowa Code section 822.3 because, as stated above, the doctrine has not been recognized in Iowa. *See Rieflin v. State*, No. 11-1044, 2012 WL 3590453, at *2 (Iowa Ct. App. Aug. 22, 2012).

**AFFIRMED.**