# IN THE COURT OF APPEALS OF IOWA

No. 19-0384
Filed January 9, 2020

**LARRY LEE SMITH,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

Larry Smith appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

In 1991, Larry Smith entered an *Alford* plea[1] to indecent contact with a child. He was sentenced to an indeterminate term of imprisonment not to exceed two years. He was given credit for time served, and the remainder of the sentence was suspended.

In 2018, Smith filed an application for postconviction relief forwarding generic claims for relief. He supplemented his application with claims of ineffective assistance of counsel. At the time, Smith was apparently under an involuntary commitment in Missouri. Pursuant to Iowa Code section 822.6 (2018), the State moved for summary disposition of Smith's application as being filed outside the statute of limitations contained in section 822.3. The State also argued the court had no jurisdiction to intervene in Smith's involuntary commitment in a different state. Following the filing of a plethora of pro se motions and a resistance to summary disposition, the court entered an order granting the State's motion. The court concluded Smith's application was outside the three-year statute of limitations and no exceptions to the time bar applied.

Smith appeals. He argues "the district court failed to consider equitable tolling as a factor in determining if his claim was time barred." We agree with the State that the equitable-tolling argument has not been preserved for our review, as the argument was neither raised or—as conceded by Smith in his argument— decided by the district court. *See, e.g.*, *Meier v. Senecaut*, 641 N.W.2d 532, 538

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

(Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). In any event, this court has frequently held that equitable tolling does not apply to section 822.3.[2] And, Smith makes no argument our supreme court's recent opinion in *Allison v. State*, 914 N.W.2d 866 (2018), adopted equitable tolling under chapter 822. *Compare Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 & n.3 (Iowa Ct. App. Aug. 21, 2019) (noting *Allison* may have adopted a "variant" of the equitable-tolling doctrine), *with Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 n.1 (Iowa Ct. App. Aug. 1, 2018) (noting *Allison* did not adopt a variant of equitable tolling). In any event, as noted, the arguments were not preserved for our review.

We therefore affirm the summary disposition of Smith's application for postconviction relief.

**AFFIRMED.**

---

[2] *See, e.g.*, *McCullough v. State*, No. 17-0434, 2018 WL 346463, at *1 (Iowa Ct. App. Jan. 10, 2018); *Long v. State*, No. 16-1220, 2017 WL 2684345, at *2 (Iowa Ct. App. June 21, 2017), *further review denied* (July 18, 2018); *Harrington v. State*, No. 16-0953, 2017 WL 2684340, at *1 (Iowa Ct. App. June 21, 2017), *further review denied* (July 18, 2018); *Perdue v. State*, No. 15-1237, 2016 WL 4036173, at *1 (Iowa Ct. App. July 27, 2016); *Weatherly v. State*, No. 15-0681, 2016 WL 1366827, at *1 (Iowa Ct. App. Apr. 6, 2016); *James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014); *Everett v. State*, No. 12-1032, 2014 WL 3749338, at *2 (Iowa Ct. App. July 30, 2014); *Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013); *Fagan v. State*, No. 10-0739, 2012 WL 3854635, at *1 (Iowa Ct. App. Sept. 6, 2012), *further review denied* (Jan. 17, 2013); *Lawrence v. State*, No. 10-1238, 2011 WL 768785, at *2 (Iowa Ct. App. Mar. 7, 2011), *further review denied* (May 10, 2011); *Stringer v. State*, No. 08-0188, 2008 WL 5235491, at *2 (Iowa Ct. App. Dec. 17, 2008), *further review denied* (Feb. 18, 2009).