# IN THE COURT OF APPEALS OF IOWA

No. 19-0966
Filed February 17, 2021

**VILAYCHITH FILA KHOUANMANY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Vilaychith Khouanmany appeals the dismissal of her application for postconviction relief. **AFFIRMED.**

Heidi Young of Gribble, Boles, Stewart & Witosky, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., Tabor, J., and Vogel, S.J.* May, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

Vilaychith Khouanmany appeals the dismissal of her application for postconviction relief (PCR). Agreeing with the district court that her application falls outside the limitations period set forth in Iowa Code section 822.3 (2018), we affirm.

A jury found Khouanmany guilty of three charges[1] in March 2012, and the district court entered judgment and sentence on April 27, 2012. On direct appeal, this court affirmed two convictions, reversed a third conviction, and remanded for resentencing. *State v. Khouanmany*, No. 12-1428, 2013 WL 5760951, at *2–4 (Iowa Ct. App. Oct. 23, 2013). Procedendo issued on November 22, 2013. Resentencing was initially set for March 20, 2014, but resentencing was reset for April 25 after notice to Khouanmany was returned as undeliverable. Khouanmany did not appear, and an arrest warrant issued. On April 20, 2017, the district court received a letter from Khouanmany stating she was incarcerated at a federal prison in Dublin, California, and just recently learned "there is an unresolved charge pending." Additional filings eventually led to a resentencing hearing on March 26, 2018.

On April 26, 2018, Khouanmany filed an application for PCR, as amended on August 20. She claimed her trial counsel was ineffective in a number of instances, including failing to conduct an adequate pretrial investigation, call an alibi witness, file a motion to suppress, and object to evidence of prior bad acts.

---

[1] Khouanmany was found guilty of conspiracy to deliver a controlled substance, possession of a controlled substance with intent to deliver, and failure to possess a tax stamp.

She also asserted there was insufficient evidence to support the convictions. The State filed a motion for summary judgment, which Khouanmany resisted. The matter came on for hearing on March 12, 2019. On June 7, the district court granted the State's motion, dismissing Khouanmany's application. Noting procedendo issued on November 22, 2013, the court found no exception to the three-year limitation period of Iowa Code section 822.3 that would allow Khouanmany's application to proceed. Khouanmany appeals.

We review the summary dismissal of PCR proceedings for correction of errors at law. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). Before the district court and now on appeal, Khouanmany claims "equitable tolling" should allow her to overcome the three-year limitation period set forth in Iowa Code section 822.3.[2] *See Pack v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (setting forth the elements of equitable tolling). She asserts the statute of limitations should be tolled because, due to "factors outside of her control," she was unaware of the issuance of procedendo or any pending criminal matter until recently.[3]

---

[2] We note that, although Khouanmany raised equitable tolling in her resistance to the State's motion for summary judgment, the district court mentioned but did not directly rule on equitable tolling in dismissing her PCR application. Nevertheless, the court impliedly rejected her equitable-tolling argument in noting neither of our appellate courts have recognized equitable tolling in PCR proceedings and in ultimately finding her application was time barred. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002))). Therefore, we will consider the issue preserved for our review.

[3] According to her affidavit, Khouanmany was released on probation from prison in Iowa on October 3, 2013, and "began residing in California." On February 25, 2016, she was incarcerated in California. She was then transported back to Iowa on an unrelated matter, eventually arriving at an Iowa facility on April 7. On February 1, 2017, she began transportation back to the California prison, arriving

Khouanmany acknowledges Iowa has never applied equitable tolling to PCR proceedings. *See James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) ("We have not applied this doctrine to section 822.3."). Our supreme court recently applied a "variant" of an equitable doctrine to allow a subsequent PCR application to relate back to the filing of the original PCR application in certain situations. *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). However, our supreme court did not adopt equitable tolling there, and we decline to do so here as well. *Cf. Sahinovic v. State*, 940 N.W.2d 357, 361 (Iowa 2020) (rejecting a claim that a PCR application relates back to resentencing when measuring the limitations period, finding terms in chapter 822 should be interpreted in a "strict legal sense" (quoting *Daughenbaugh v. State*, 805 N.W.2d 591, 598 (Iowa 2011))).

We therefore affirm the district court's dismissal of Khouanmany's application for postconviction relief.

**AFFIRMED.**

---

on March 21. On April 7, she sent a letter to the Iowa district court stating she "had become aware of an unresolved matter" in Iowa.