# IN THE COURT OF APPEALS OF IOWA

No. 20-0510
Filed April 14, 2021

**MICHAEL LANG,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.

_____


Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.


Michael Lang appeals the district court's summary dismissal of his eighth postconviction-relief application and the denial of his motion for reconsideration of the ruling. **AFFIRMED.**


Judy Freking of Judy L. Freking, P.C., Le Mars, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.


Considered by Vaitheswaran, P.J., Ahlers, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VAITHESWARAN, Presiding Judge.**

Michael Lang was convicted of first-degree kidnapping in 1988. He filed a direct appeal, which was resolved in 1990, with procedendo issuing the same year.

Lang now appeals the district court's summary dismissal of his eighth postconviction-relief application and the denial of his motion for reconsideration of the ruling.[1] He raises four substantive challenges to his conviction. The State responds that (1) Lang "failed to present any claim that could overcome the three-year time bar"; (2) the issues he raises were neither raised nor decided in the postconviction court, implicating error preservation concerns; and (3) the claims were precluded by another statutory provision, Iowa Code section 822.8 (2019). We find the State's first responsive argument dispositive.

In pertinent part, Iowa Code section 822.3 requires a postconviction-relief application to be filed within three years after procedendo issues in a direct appeal unless the applicant raises a ground of fact or law that could not have been raised within the applicable time period. *See* Iowa Code § 822.3. The supreme court also has held that certain postconviction-relief applications may relate back to the date of a timely-filed petition. *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018).

The postconviction court concluded the action was time-barred. The court reasoned that "[t]he current application for postconviction relief was filed . . . more than three years after procedendo issued" and "[n]o valid reason [was] provided

---

[1] Lang represented himself after the postconviction court raised his failure to file an application for court-appointed counsel. The court discussed the issue with him and advised him that it might not "necessarily" be in his "best interest" to proceed without counsel.

as to why the grounds in this current postconviction relief action could not have been raised within the statutory time period."

Lang's only effort to address the court's reasoning appears in his reply brief, where he states: "*Allison* and equitable tolling should apply to this case." *See id.* (stating the relation-back holding adopted by the court is "a variant of the equitable doctrine . . . to allow a petitioner in federal habeas to avoid a procedural default in state court"). Recent legislation raises doubts about his ability to invoke *Allison* as a means to avoid the time-bar. *See* 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (Supp. 2019)) (effective July 1, 2019, amending Iowa Code section 822.3 to state, "[a]n allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods"); *Johnson v. State,* No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (stating, "[t]his amendment appears to abrogate *Allison*"). Lang's postconviction-relief application was filed after the effective date of the amendment, arguably foreclosing his reliance on *Allison* to avoid the limitations period. But, even if the amendment does not apply to his case, his eighth postconviction-relief application cannot relate back to his original application because it was not filed "promptly" within the meaning of *Allison*. *See Finch v. State*, No. 19-1982, 2021 WL 810859, at *1 (Iowa Ct. App. Mar. 3, 2021) (quoting *Allison*, 914 N.W.2d at 891). It is also worth noting that, if Lang is referencing an equitable tolling doctrine other than the one authorized by *Allison*, this court has declined to apply the doctrine to section 822.3. *See James v. State,* 858 N.W.2d 32, 33 (Iowa Ct. App. 2014).

The postconviction court did not err in concluding Lang's eighth postconviction-relief application was time-barred. We affirm the court's summary dismissal of the application.

**AFFIRMED.**