# IN THE COURT OF APPEALS OF IOWA

No. 21-0299
Filed January 12, 2022

**LAM CHAU UNG,**
   Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
   Respondent-Appellee.
_____

   Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.

   Applicant appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**

   Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

   Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

   Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Emphasizing this is a case of first impression, Lam Ung appeals from the dismissal of his second application for postconviction relief (PCR). In his second PCR application, Ung argued he should receive a new trial because he did not have the help of an interpreter for court proceedings in 2009 when he was found guilty of sexual abuse in the second degree. The State moved to dismiss the application because it was made outside of the three-year statute of limitations set by Iowa Code section 822.3 (2020). In response, Ung argued the court should adopt equitable tolling[1] and allow him to bypass the time requirement. Citing a string of cases that have previously rejected the notion of adopting equitable tolling, the PCR court granted the motion to dismiss. Ung argues the court did not adequately explain why equitable tolling would not apply under these circumstances. As Ung has not persuaded us our prior cases were wrongly decided, we affirm the PCR court's dismissal of Ung's application.

**I. Prior Proceedings.**

Ung was found guilty of second-degree sexual abuse at a bench trial in 2009. He filed an appeal, which our supreme court dismissed as frivolous, and procedendo issued in 2010. He filed his first PCR in 2015, citing issues with his mental health as well as struggles with his attorneys and interpreters. In 2017, the case was dismissed on summary judgment because it was untimely. *See* Iowa

---

[1] Ung asks that we apply the reasoning of *Holland* to his circumstances. *Holland v. Florida*, 560 U.S. 631, 645–46 (2010) ("We have previously made clear that a nonjurisdictional federal statute of limitations is normally subject to a 'rebuttable presumption' in *favor* 'of equitable tolling.'" (citation omitted)); *see also Young v. United States*, 535 U.S. 43, 49 (2002) ("It is hornbook law that limitations periods are 'customarily subject to "equitable tolling . . . ."'" (citation omitted)).

Code § 822.3 (2015) (requiring PCR applications to "be filed within three years from the date of conviction or decision is final or, in the event of an appeal, from the date of the writ of procedendo is issued" unless the application raises "a ground of fact or law that could not have been raised within the applicable time period"). Ung did not appeal.

In March 2020, more than nine years after procedendo issued, Ung applied for PCR a second time and once again argued he had not been given proper interpretation throughout his criminal case. He claimed he did not receive a fair trial because he could not understand the proceedings. The State moved to dismiss, pointing to the same time-bar that impacted his first application and noting that this current PCR raised the same issues as the first. At the hearing on the motion, Ung argued the district court should use equitable tolling because he is not a native English speaker. The district court found no new ground of law or fact that would take Ung outside of the three-year statute of limitations, listing a string of cases establishing that equitable tolling does not apply to Iowa Code section 822.3 (2020). Finally, the district court agreed with the State that the issue had been addressed in the first PCR and so could not be the basis of his second application. *See* Iowa Code 822.8. Accordingly, the district court granted the motion to dismiss.

Ung now appeals, asking our court to adopt equitable tolling in actions arising under Iowa Code chapter 822. Error was properly preserved, *see Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002), and we review for correction of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

The Supreme Court adopted equitable tolling for habeas corpus claims in 2010. *Holland*, 560 U.S. at 649 ("And we therefore join the Courts of Appeals in holding that [the statute of limitations for a writ of habeas corpus] is subject to equitable tolling."). And Ung points to a number of policy reasons why it should be similarly adopted by our court, noting that we have described the rule in *Allison* as a "variant" of equitable tolling. *Stechcon v. State,* No. 17-1531, 2018 WL 3913126, at *2 (Iowa Ct. App*. Aug. 15, 2018) ("The [*Allison*] court essentially invoked an equitable tolling doctrine to permit consideration of a second postconviction relief application." (citing *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018))).

But even after *Allison* was decided, this court has repeatedly declined to adopt and apply equitable tolling to the statute of limitations in section 822.3. *See, e.g.*, *Vrban v. State*, No. 21-0433, 2021 WL 5106075, at *1 (Iowa Ct. App. Nov. 3, 2021) ("In any event, equitable tolling does not apply to the statute of limitations contained in Iowa Code section 822.3 (2020)."); *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *13 (Iowa Ct. App. Jan. 21, 2021) ("As for equitable tolling, 'this court has frequently held that equitable tolling does not apply to section 822.3.'" (citation omitted)); *Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 & n.2 (Iowa Ct. App. Jan 9, 2020) (collecting cases); *cf. James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) ("Finally, James invokes the equitable tolling doctrine to avoid the time-bar. We have not applied this doctrine to section 822.3."). While our unpublished cases are not controlling legal authority, Ung's arguments on appeal do not persuade us our prior opinions declining to adopt equitable tolling were wrongly decided. *See* Iowa R. App. P. 6.904(2)(c) ("Unpublished opinions or decisions shall not constitute controlling legal authority."); *see also Johnson v.*

*Baum*, No. 09-1340, 2010 WL 2757192, at *2 (Iowa Ct. App. July 14, 2010) (recognizing "that unpublished decisions are not controlling legal authority," but providing that "such cases may be cited for their persuasive value"). As such, we again hold that equitable tolling does not apply to Iowa Code section 822.3 and does not relieve Ung of the application of the statute of limitations.

Because Ung cannot use equitable tolling to avoid the statute of limitations applicable to his second PCR, we affirm the district court's dismissal.

**AFFIRMED.**