# IN THE COURT OF APPEALS OF IOWA

No. 22-0875
Filed January 25, 2023

**DEMARKUS WAYNE RUCKMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

DeMarkus Ruckman appeals the dismissal of his postconviction-relief

application. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Schumacher and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged DeMarkus Wayne Ruckman with second-degree sexual abuse. Ruckman pled guilty to third-degree kidnapping and assault with intent to commit sexual abuse. The plea and sentencing hearings took place in 2013. Ruckman did not pursue a direct appeal.

Ruckman filed his first postconviction-relief application in 2015, asserting he did not commit sex abuse and referencing the deposition of the person he pled guilty to abusing. The district court denied the application on the merits, and the court of appeals affirmed the denial. *See Ruckman v. State*, No. 16-1029, 2017 WL 2684344, at *2 (Iowa Ct. App. June 21, 2017).

Ruckman filed a second postconviction-relief application in 2017, which also was denied. This court again affirmed the denial. *See Ruckman v. State*, No. 19-1023, 2021 WL 811169, at *4 (Iowa Ct. App. Mar. 3, 2021).

Ruckman filed a third postconviction-relief application in 2022, again referencing the deposition of the person he pled guilty to assaulting. He alleged that (1) she denied his commission of a particular sex act; (2) there was no evidence "of any other sexual act"; and (3) a "rape kit came back negative." The State moved to dismiss the application on statute-of-limitations grounds. *See* Iowa Code § 822.3 (2022) (requiring the filing of a postconviction relief application "within three years from the date the conviction or decision is final" unless the application raises "a ground of fact or law that could not have been raised within the applicable time period"). The district court granted the motion.

On appeal, Ruckman essentially concedes his third postconviction-relief application was filed outside the three-year time bar. He argues "there is a fact

question which precludes summary disposition of the case," namely "when he knew about the forensic evidence and the deposition testimony." He also "urges this [c]ourt to apply" the equitable tolling doctrine to avoid application of the time bar.

By his own admission, Ruckman learned of the deposition testimony and forensic evidence in advance of the plea hearing. Notice of that deposition was filed well before the plea hearing and the deposition transcript was admitted at the first postconviction relief hearing. The deposition transcript made reference to specific sex acts committed by Ruckman as well as the rape kit Ruckman now alleges exonerates him. The transcript was cited in our opinion affirming the denial of the first postconviction relief application. *Ruckman*, 2017 WL 2684344, at *1–2. Because Ruckman indisputably knew of the facts underlying his third postconviction-relief application within the three-year limitations period and, indeed, before he pled guilty and those facts were raised and litigated in the first postconviction-relief application, Ruckman cannot use them to circumvent the time bar.

We are left with Ruckman's request to have us apply the equitable tolling doctrine. The court of appeals has declined to do so. *See James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014). We see no reason to deviate from *James* here.

We affirm the dismissal of Ruckman's third postconviction-relief application.

**AFFIRMED.**