**IN THE COURT OF APPEALS OF IOWA**

No. 24-1793
Filed October 15, 2025

**BRYAN LAMARR MITCHELL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert, Judge.


    An applicant for postconviction relief appeals the dismissal of his application as time-barred. **AFFIRMED.**


    Austin Jungblut of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

    Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.


    Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**LANGHOLZ, Judge.**

A jury convicted Bryan Mitchell of first-degree murder and related offenses for shooting and killing a man outside a Davenport apartment building. We affirmed on direct appeal. *See State v. Mitchell*, No. 05-0126, 2006 WL 132083, at *1 (Iowa Ct. App. Jan. 19, 2006). Eighteen years later, Mitchell filed this—his second—postconviction-relief ("PCR") application asserting many claims about his criminal trial and one claim that his PCR counsel was ineffective. The district court dismissed the application as time-barred under Iowa Code section 822.3 (2024) because it was filed more than three years after Mitchell's conviction became final. And Mitchell appeals the dismissal of his ineffective-assistance-of-PCR-counsel claim, arguing that we should adopt "due process equitable tolling" for section 822.3 and remand for the district court to decide whether he could avoid dismissal under that standard. But assuming that Mitchell's argument is preserved, it is foreclosed by the text of section 822.3 and governing precedent. We thus affirm.

## I.      Error Preservation

The State argues that we should not reach the merits because Mitchell failed to preserve error by asking the district court to apply "due process equitable tolling." True, Mitchell did not use those exact words. He argued that applying section 822.3 would violate his equal-protection and due-process rights under the Iowa Constitution. In the district court, the State recognized that this "argument basically amounts to a request for equitable tolling of the statute of limitations." And the district court ruled on the argument, holding: "Equitable tolling does not apply to Section 822.3. Absent application of equitable tolling, Mitchell cannot

avoid dismissal under Section 822.3." Whether this was enough to preserve error is a close call. But the merits are not. So we assume that error is preserved and proceed to the merits.

## II. Equitable Tolling

Under section 822.3, with exceptions not relevant here, an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. When our supreme court adopted an equitable doctrine tolling that deadline "from the time of the filing of the first petition for PCR until the first PCR proceeding's conclusion," *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), the legislature quickly abrogated that decision. *See Sandoval v. State*, 975 N.W.2d 434, 436 (Iowa 2022). So the statute now also provides: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." Iowa Code § 822.3.

Nothing in this statutory text gives us leave to toll the three-year deadline for Mitchell's ineffective-assistance-of-PCR-counsel claim. Indeed, it expressly rejects tolling for such a claim. *See id.* And except for the brief period between *Allison* and the statutory amendment, neither the supreme court nor our court has ever recognized equitable tolling of section 822.3's statute of limitations. To the contrary, we have repeatedly rejected doing so. *See James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) (rejecting argument that we should apply "the equitable tolling doctrine to avoid the time-bar" of section 822.3); *see also Smith v. State*,

No. 19-0384, 2020 WL 110398, at *1 n.2 (Iowa Ct. App. Jan. 9, 2020) (collecting unpublished cases). So absent a different constitutional command, we are bound by the statute's text and our published precedent to decline Mitchell's invitation to adopt equitable tolling.

And Mitchell's argument that applying section 822.3 without equitable tolling would violate Iowa's due-process clause also runs into supreme court precedent rejecting a due-process constitutional challenge to that statute. *See Davis v. State*, 443 N.W.2d 707, 710–11 (Iowa 1989). Relying on that precedent, we have rejected similar arguments that equitable tolling is constitutionally required. *See McCoy v. State*, No. 23-1286, 2025 WL 400745, at *3–4 (Iowa Ct. App. Feb. 5, 2025). We do the same again here.

The district court properly dismissed Mitchell's second PCR application as time-barred under section 822.3.

**AFFIRMED.**